*E-FILED - 1/5/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRAN SMILEY, ) | No. C 08-0045 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER DENYING REQUEST FOR |
| ) | CERTIFICATE OF APPEALABILITY AS |
| vs. ) | UNTIMELY |
| ) | |
| WARDEN MIKE EVANS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a California prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 9, 2009, the court denied petitioner's petition on the merits and entered judgment. On November 8, 2009, petitioner mailed an "application for certificate of appealability" ("COA"), which was filed on November 12, 2009. Although petitioner did not file a separate notice of appeal ("NOA"), the court construes his COA as such. See Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir. 1990). For the reasons stated below, petitioner's request for a COA is denied as untimely.

**DISCUSSION**

Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). However, relief from the deadline for filing the notice of appeal may be obtained in the district court under Rule 4(a)(5) or Rule 4(a)(6). Rule 4(a)(5) allows a party to

Order Denying Request for Certificate of Appealability as Untimely
P:\PRO-SE\SJ.Rmw\HC.08\Smiley045denCOA.wpd

1 move for an extension of time if the party so moves within thirty days of the expiration of the
2 time to file the notice and shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5).
3 Rule 4(a)(6) allows a party to reopen the time for filing an NOA. See Fed. R. App. P. 4(a)(6).
4 Here, petitioner failed to file a request for an extension of time to file an NOA or request for a
5 COA or move to reopen the time for filing.

Even if the court liberally construed petitioner's COA as a motion for an extension of time to file an appeal, petitioner has failed to demonstrate good cause for his untimely filing. The time to appeal provided in Rule 4(a) of the Rules of Appellate Procedure, with exceptions not applicable here, is thirty days from entry of judgment. Here, that date was October 8, 2009. Rule (a)(5)(A)(i), quoted above, provides that a motion for an extension of time to appeal must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." So, a motion for an extension of time to appeal must be filed no later than sixty days from the date of entry of the order. In this case the order was entered on September 9, 2009, and petitioner's COA was not mailed until November 8, 2009, the date the court deems the COA filed. See Houston v. Lack, 487 U.S. 266, 276 (1988).

"The procedures set forth in rule 4 are strictly construed; there is no exception for prisoners proceeding pro se or for habeas corpus actions." Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir. 1988). Here, although petitioner's COA or request for extension of time to file a COA was barely filed within the time allowed by the rule, petitioner makes no showing of good cause, and thus, the COA must be denied as untimely

Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

(A) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

See Fed. R. App. P. 4(a)(6). Even if the court construed petitioner's November 8, 2009 COA as a motion to reopen the time for filing a notice of appeal, petitioner has failed to establish that he filed the motion within 14 days of receiving notice of the entry, see Fed. R. App. P. 4(a)(6)(B), or that he was entitled to receive notice of the entry of judgment and did not receive it as required under Rule 4(a)(6)(A). Thus, petitioner is not entitled to relief from the deadline for filing a notice of appeal.

Accordingly, the court concludes that petitioner's request for a certificate of appealability is untimely.

## CONCLUSION

Petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: 1/5/10

RONALD M. WHYTE
United States District Judge

Order Denying Request for Certificate of Appealability as Untimely
P:\PRO-SE\SJ.Rmw\HC.08\Smiley045denCOA.wpd    3